O’Neall J.
delivered the opinion of the Court.
The first ground of appeal makes the question, whether the sheriff’s sale book, the advertisement and the memorandum book in which the entry was set down, at the place where the sale was made, were properly admissible in evidence under the Statute of Frauds? I confess, were it not for the early decisions to which subsequent decisions have conformed too much to suffer it now to be questioned, I should think that the Statute of Frauds does not cover sales by the sheriff any more than it does judicial sales. But cases of sales by the sheriff now must be considered as within the statute. If the City Sheriff be embraced by the Act of 1839, under the sixth section, there would be no doubt that the entry in his sales book, as was decided in Christie v. Simpson, 1 Rich., 407, would charge the purchaser, and as was decided in this very case, 2 Rich., 373, it might be connected with the levy and advertisement, and in that way establish satisfactorily the identity of the lot sold and purchased. But there is, I confess, some difficulty in so holding. It is manifest that in the former case this was assumed without the point being presented. It is true the City Sheriff is the officer of a corporation, and generally would be regarded as a State officer. But he is the officer of a Court, of which the Judge (the Recorder) City Attorney, Clerk and Sheriff, should all be regarded as officers of the State as well as the city. Be this however as it may, the Act of 1839, as a remedial Act, ought to be liberally construed, and so construing it, I think the City Sheriff may be regarded as embraced in the 2d section. The words are, “every sheriff;” these are comprehensive enough to take in the City Sheriff. That part of the 6th section which relates to the sales book, provides, that “a sale book in which the sheriff shall enter all sales which may be made under any order, decree. *231 execution or final process of any of the Courts of this State, &c., shall be kept.” The words, “the sheriff,” used in it as nomen generalissimum, would embrace the sheriff of the city, and this would be more especially the case when it is remembered that he sells under the execution of the City Court, which is a Court of this State. His sale book is therefore to be regarded as kept under this provision, and as such the entry in it was a proper entry to charge the purchaser. The opinion in this case, when heard last January, held, that this entry could be connected with the levy, and when so connected, made a sufficient memorandum under the statute. The only difficulty which remained, was to decide which of the two houses on Meeting street, next or near the New Theatre, was sold. To remove this ambiguity, it was held that the advertisement could be read in evidence. This, it seems to me, covers all of the first ground which is in any way important. That the original memorandum book was given in evidence, is not, it seems to me, in any wise material; for it is not the sales book, and it is allowable for the sheriff to keep his private memoranda, and from them to make the entry required by law in the official book.
The 2d ground, from Henry v. Ferguson, 1st Bailey, has been so often ruled to be not maintainable, that it cannot be necessary to comment upon it.
The 3d ground presents the question, whether the sheriff can maintain this action without reselling? It is true, the 58th section of the Act of 1839 (p. 57,) does direct the sheriff to resell, if a purchaser fails to comply; but there is no provision, which declares that if the sheriff does not resell, the purchaser shall be discharged from his contract. Unquestionably, this provision for a resale was intended for the benefit of the parties, plaintiff and defendant, and the sheriff neglecting to resell would be answerable to them for the first sale. Still, however, the purchaser’s liability would remain. It has been questioned, whether on any executory contract for the sale of land, the purchase money could be recovered against a purchaser who had not received either titles or possession. But there can be nothing in this notion. For as soon as the *232 purchaser is held to be bound by his contract, and the seller does every thing which he can do, such as a tender of titles and of possession, if he be in possession, he is entitled to recover upon the contract. Recovering upon it, he is entitled to recover by way of damages the whole sum stipulated to be paid with interest thereon. The same rule holds in sales by the sheriff. The case of Seaist, sheriff, v. Twitty, 1 M’Mul., 255, was a case of that kind. The sheriff there sued for and recovered the sum at which the defendant purchased the land-
The motion is dismissed.
Withers J. concurred in the result.